# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 17, 2020

159642

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

WILLIAM LARENZO SHOULDERS,
      Defendant-Appellee.
_____/

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

SC: 159642
COA: 342408
Wayne CC: 15-003289-FH

On order of the Court, the application for leave to appeal the March 28, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent because I would not deny leave to appeal but instead would remand for resentencing. Contrary to MCL 769.34(3)(a), which provides that "[t]he court shall not use an individual's . . . race . . . to depart from the appropriate sentence range," the trial court here expressly referenced defendant's race in order to justify its departure sentence below the legislative guidelines. For this reason alone, resentencing is warranted. Furthermore, however, the sentence of probation imposed, in my view, constitutes an abuse of sentencing discretion in light of the intrinsic seriousness of the offense at issue-- operating a motor vehicle while intoxicated causing death, MCL 257.625(4). That is, for this offense, the sentencing guidelines *always* provide for a sentence of imprisonment, even where *all* other offense variables (beyond Offense Variable 3, which is necessarily scored at 50 points) are scored at zero and *all* prior record variables are also scored at zero. See MCL 777.12f; MCL 777.33(2)(c); MCL 777.64.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 17, 2020



Clerk

b0414